IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Odell Wright,** | ) | **CASE NO. 1:16 CV 2765** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **LaTonya Jackson,** *et al.,* | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

On November 11, 2016, *pro se* plaintiff Odell Wright filed this civil rights action against the Lake Erie Correctional Institution and LaTonya Jackson, Principal in the Education Department. In his complaint, he alleges there is a policy that if a student goes through two back to back classes without incident, the student is eligible to receive five days credit for the first class, and a one time bonus of ten days for the second class. He alleges he earned credit for two educational classes; however, he only received five days credit and Ms. Jackson refused to change or correct his outdate to reflect the proper credit he earned. He seeks monetary damages to compensate him for five days in jail, for which he contends he should have received credit.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), 28 U.S.C. §1915(e)(2)(B) requires a district court to dismiss *sua sponte* before service any *in forma pauperis* action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915(e)(2)(B)). The plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. In considering whether a complaint is subject to dismissal, the complaint is construed favorably to the plaintiff and his well-pleaded factual allegations are accepted as true. *See Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004).

## Analysis

In order to state a damages claim for a federal civil rights violation, a plaintiff must demonstrate that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *See* 42 U.S.C. §1983. The plaintiff has not alleged any specific constitutional, or other federal claim in his complaint, and courts are not required to "create a claim which a plaintiff has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (internal quotation marks & citation omitted). *See also Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

Further, the Sixth Circuit has specifically held that "[t]here is no constitutional right to

vocational or educational programs in prisons," and "[t]herefore, the alleged denial of credit hours [for a prisoner's participation is such a program] does not infringe upon any federally protected right." *Jones v. Nichols*, 915 F.2d 1572, 1990 WL 151047 (6th Cir. 1990).

## Conclusion

Accordingly, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, but his complaint fails to state a plausible federal civil rights claim and is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 5, 2017